**In re ADVISORY OPINION OF KENTUCKY BAR ASSOCIATION.**

**No. 92–SC–647–KB.**

Supreme Court of Kentucky.

Feb. 18, 1993.

H. Randall Redding, King, Deep and Branaman, Henderson, movant.

Bruce K. Davis, Ky. Bar Ass'n, Frankfort, for respondent.

**OPINION OF THE COURT**

The movant seeks review of Ethics Opinion KBA E–349, which was adopted by the Board of Governors of the Kentucky Bar Association. The opinion states that a City Attorney who does not perform any prosecutorial duties and whose contract or job description does not require him to represent or advise the police department of his or her city, may not engage in the defense of criminal cases that involve the city police.

This Court recognizes SCR 3.130 as a sound statement of the standards of conduct required of members of the Bar.

The Ethics Opinion is viewed in light of SCR 3.130–1.7 which provides:

RULE 1.7 CONFLICT OF INTEREST: GENERAL RULE

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

(1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

(2) each client consents after consultation.

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

The job description for the City Attorney in the City Ordinance provides the attorney's responsibilities and excludes representation in criminal matters, and provides that the City Attorney shall not be required to give legal advice to the police department regarding criminal matters. Additionally, the description provides the City Attorney may represent persons in the county district court, the county circuit court, and any other criminal courts on criminal charges initiated by the police department.

The City Ordinance presents the likelihood that the basis for a conflict between a criminal defendant client and a municipal client, or fellow employees of the city, is not completely removed. Therefore, the attorney faces a conflict which may seriously endanger his ability to zealously represent his client, as is required by the Rules of Professional Conduct. It is fundamental that energetic representation of a criminal defendant may entail vigorous cross-examination of officers with the purpose of discrediting their testimony and adopting an adversarial position to these fellow city employees. A dilemma of alienating city police officers (fellow employees) on one hand, and providing criminal defendant with the best defense possible on the other hand, may create for the attorney a conflict endangering his or her ability to represent the criminal client.

Criminal defense is a field of law that has become subject to intensive public scrutiny. Public demand for professional independence is great. As stated in *O'Hara v. Kentucky Bar Association*, Ky., 535 S.W.2d 83 (1975), "The point is not whether impropriety exists, but that any appearance of impropriety is to be avoided. We are of the opinion that such association carries with it an appearance of impropriety so that it should not be permitted." We are of the further opinion that the apparent potential for conflict endangering an attorney's ability to represent his client exists when a City Attorney undertakes to represent a criminal defendant who has been charged by the city police department.

The opinion of the Board of Governors is affirmed.

All concur.